UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL CAMERON TURNER and
TARA TURNER,

      Plaintiffs,

-vs-

DETROIT POLICE OFFICER JOHN DOE,
and ROBERT ROWE in their individual and official
capacities, and other UNKNOWN MEMBERS of
The DETROIT POLICE DEPARTMENT SPECIAL
RESPONSE TEAM, the DETROIT POLICE
DEPARTMENT and THE CITY OF DETROIT, a
Municipal Corporation, Jointly and Severally,

      Defendants.

Case No.
Hon.

_____/

**T. DANIELS & ASSOCIATES, P.L.L.C.**
**TAMMY DANIELS (P53705)**
**DAVID JONES (P57103)**
Attorneys for the Plaintiff
26677 W. 12 Mile Rd.
Southfield, MI 48034
(248) 358-6998
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs herein, JAMEL CAMERON TURNER and TARA TURNER, by and through their attorneys, T. DANIELS & ASSOCIATES, PLLC, and in support of their Complaint against the Defendants states as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §§1983 and the 4th Amendment (through the 14th Amendment) to the United States Constitution, and under the statutes and common law of the State of Michigan against Detroit Police Officers John Doe, Robert Rowe, and other Unknown Members of the Detroit Police Department, Special Response Team, in their individual and official capacities, the City of Detroit Police Department, and the City of Detroit. Jurisdiction is based upon 28 USC §§1331 and 1343. The amount in controversy is in this case is well in excess of $75,000.00, the Court's jurisdictional minimum.

## PARTIES

2. Plaintiff, Jamel Cameron Turner is a resident of the City of Farmington, County of Oakland, State of Michigan.

3. Plaintiff, Tara Turner is a resident of the City of Farmington, County of Oakland, State of Michigan.

4. Detroit Police Officer John Doe is the presently unnamed member of the Detroit Police Department Special Response Team who shot and killed Plaintiffs' dog Remy.

5. Detroit Police Officer Robert Rowe is the presently unnamed member of the Detroit Police Department Special Response Team who signed an affidavit for a search warrant of Plaintiff's residence with no probable cause causing the unlawful and unreasonable search of Plaintiffs' residence.

6. Defendants Other Unknown Members of the Detroit Police Response Team believed to number 15 individuals and include supervisors and officers who formulated and participated in the raid on the Asbury Park residence.

7. At all times relevant to this lawsuit, Defendant City of Detroit ("City") is a municipal corporation located in Wayne County, State of Michigan and among other services, it provides to its residents a police agency, namely the City of Detroit Police Department, which acts under the color of Michigan state law.

## COMMON FACTUAL ALLEGATIONS

8. At approximately, 9:00 p.m. on June 30, 2009, the Detroit Police Department Special Response Team arrived at 11698 Asbury Park on Detroit's Westside to execute a search warrant at Plaintiff's home regarding a multiple non-fatal shooting that occurred earlier in the City of Detroit at approximately 3:00 p.m.

9. The Defendant Detroit Police Special Response Team made forced entry into the residence through the front door, causing several thousand dollars in damages to the home and personal property.

10. The Detroit Police Special Response Team entered the residence, ransacked the home, shot the family dog, and order Plaintiffs twelve year old sister and daughter out of the home at gunpoint.

11. Members of the Special Response Team walk in the blood of the deceased dog, smearing blood over the carpet and clothes of Plaintiffs which were strewn over the home by Detroit Police Officers.

12. Upon information and belief, the Detroit Police Officers were looking for Plaintiff, Jamel Cameron Turner and any evidence connecting him to the non-fatal shooting which occurred earlier on June 30th.

13. Mr. Turner was not home at the time of the raid.

14. On July 1, 2009, the Detroit Police held a press conference publicly identifying Plaintiff, Jamel Cameron Turner as a "prime suspect" in the shootings.

15. During said press conference, the Detroit Police published at least two photographs of Plaintiff, again, identifying him as a prime suspect in the non fatal shootings.

16. Defendants' press conference made national news and caused Plaintiff's picture to be published nationally; causing him to be identified as the "prime suspect" in the non fatal shootings.

17. Defendants' actions caused Plaintiffs to fear threats and retaliation as a result of the public identification of Mr. Turner and Plaintiffs' family home.

18. Plaintiffs, in fear of their safety, fled their family home of over 25 years and have yet to return.

19. As a result of the public identification of his home, his identification as a "prime suspect", and fear for his personal safety, Plaintiff Jamel Cameron Turner, voluntarily turned himself in to the Detroit Police Department on July 1, 2009.

20. On or about July 2, 2009, Wayne County Prosecutor Kym L. Worthy issued a press statement, saying "it would be in the best interest of justice to release Mr. Turner".

21. Despite the comments by Prosecutor Worthy, the Detroit Police detained Mr. Turner for another 5 hours.

22. After detaining Mr. Turner for over 30 hours, the Detroit Police failed to obtain a warrant charging Mr. Turner with any crime.

23. Two individuals were subsequently arrested and charged with the non-fatal shooting; and both men pled guilty to the offenses.

24. At all times material and relevant, neither the John Doe Police Officer, nor Robert Rowe, nor any of the Detroit Police Department Special Response Team had any justifiable excuse or reason to cause the execution of the search warrant, or cause forced entry into the residence on Asbury Park or to kill the family dog Remy.

25. Plaintiffs suffered the loss of liberty, respect in the community, and faith in law enforcement, loss of their family home as a direct and proximate result of the acts of the Defendants Doe and Rowe and the Detroit Police Response Team. Plaintiffs suffered the following injuries and damages:

    a. violation of their constitutional rights under the 4th Amendment (through the 14th Amendment) to the United States Constitution including, but not limited to, the right to be free from an unreasonable search, seizure of their person and/or to be free from the unwarranted vilification in the public;

    b. lack of due process;

    c. physical pain and suffering and emotional trauma and suffering;

    d. legal, home repair and clothing costs;

    e. loss of wages and/or earning capacity;

26. That as a direct and proximate result of Defendants' constitutional torts, Plaintiff Jamel Cameron Turner will continue to suffer from the humiliation, embarrassment, and loss of respect in the community for being publicly identified has a "prime suspect" in the non-fatal shooting of June 30, 2009; and Plaintiff Tara Turner will continue to suffer from the humiliation, embarrassment, and loss of respect in the community as a result of her home of over 25 years be destroyed and published on local and national television as the home of the "prime suspect" in the non-fatal shooting.

## COUNT I

### 42 U.S.C. § 1983 – EXCESSIVE FORCE, UNREASONABLE SEARCH AND SEIZURE AND VIOLATION OF DUE PROCESS BY DEFENDANTS JOHN DOE AND ROBERT ROWE

27. The Plaintiffs hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

28. At all times material hereto, Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering hereto, complying with and enforcing the laws of the United States of America and the State of Michigan. Consequently, while acting under color of law, the Defendants commenced to engage in a pattern and practice, and course of conduct to implement a custom, usage, policy, plan or practice wherein the rights, privileges or immunities of the Plaintiffs were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiffs' Constitutionally protected Fourteenth Amendment right to the equal protection and substantive due process of the laws of the United States of American and the corresponding provisions of the Constitution of the State of Michigan. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, cruel and unusual punishment, and the deprivation of identifiable civil rights, i.e. liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture on the Plaintiffs in direct violation of the Fourth and Eighth Amendments to the United States Constitution.

29. As a direct and proximate consequence of the Defendants' actions, the Plaintiffs were deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, and the laws of the State of Michigan. Specifically, the

Plaintiffs' Fourteenth Amendment rights to procedural and substantive due process and to equal protection of the law were violated by the Defendants, together with the Plaintiffs' Fourth and Eighth Amendment rights proscribing unreasonable search and seizure and cruel and unusual punishment.

30. At all times material hereto, the Defendants and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those whose acts may be fairly be said to represent official policy or were pursuant to a governmental custom, usage or practice of the Defendants.

31. As a direct and proximate consequence of the Defendants' conduct, the Plaintiff's suffered immediate and irreparable injury, including but not limited to:

    a. Having to relocate from their home of 25 years;

    b. Emotional Distress;

    c. Loss of personal freedom and liberty;

    d. Pain and suffering;

    e. Fright and shock;

    f. Horror, outrage and indignity;

    g. Economic damages including lost wages and/or loss of earning capacity;

    h. Exemplary damages;

    i. An award of punitive damages

    j. Reasonable attorney fees and costs; and

    k. All other such relief which appears reasonable and just under the circumstances.

## COUNT II

### 42 U.S.C. §1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

32. The Plaintiffs hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

33. Upon Defendants realizing that they had critically injured the family pet and identified an individual who had nothing to do with the non-fatal shooting, they intentionally conspired to cover-up their unlawful acts by providing false and fictitious information to the authorities and to the media regarding the Plaintiff being involved in the shooting incident.

34. The aforementioned Defendants worked together towards the common goal to cover-up the facts and circumstances of the fatal shooting of the family pet.

35. The conspiracy to cover their excessive violence and rush to judgment, was a direct and proximate cause of the permanent injuries suffered by Plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, as well as award costs, interest, attorney fees and punitive damages so wrongfully incurred.

## COUNT III

### 42 U.S.C. §1985 - NEGLECT OR FAILURE TO PREVENT CONSPIRACY

36. The Plaintiffs hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

37. The Defendants knew or reasonably should have known, prior to the assault on the Plaintiffs residence and family pet and the implementation of the conspiracy to deprive Plaintiff of his federally protected rights that such activity regularly took place in the

Detroit Police Department. There have been previous incidents of abuse and allegations of excessive force by DPD officers reported.

38. That Defendants nor anyone in a position of authority took any actions to thwart the conspiracy. Had Defendants intervened, the assault on Plaintiffs would not have occurred.

39. That Defendants and other unidentified employees of Defendants, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Plaintiffs and other persons similarly situated of the equal protection of the laws. This despite the fact that Defendants possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable to Plaintiffs for the permanent injuries suffered.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, as well as award costs, interest, attorney fees and punitive damages so wrongfully incurred.

## COUNT IV

### 42 U.S.C. §1983 – VIOLATION OF CIVIL RIGHTS THROUGH SUPERVISION CUSTOM, POLICIES, ACQUIESCENCE, AND TRAINING DEFENDANTS UNKNOWN DETROIT SPECIAL RESPONSE TEAM SUPERVISORS DETROIT POLICE DEPARTMENT AND CITY OF DETROIT

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

41. The Detroit Police Special Response Team's improper and unconstitutional fatal actions in this situation were caused by the moving force of the City's unconstitutional training and policies and procedures which have led to the establishment of a custom of allowing the

City's police officers in general and the Detroit Police Department Special Response Team, in particular, to utilize excessive and unconstitutional force against members of the public.

42. By these actions, Defendants have caused Plaintiffs to suffer permanent injuries, including but not limited to:

   a. Pain and suffering;

   b. Mental anguish;

   c. Fright and shock;

   d. Loss of personal freedom and liberty;

   e. Horror, outrage, and indignity;

   f. Loss of love, society and companionship for members of the decedent dog's family.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants jointly and severally as well as award costs, interest, attorney fees and punitive damages so wrongfully incurred.

## REQUEST FOR JURY TRIAL

Plaintiffs, by and through their attorneys, T. Daniels & Associates, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,
T. Daniels & Associates, PLLC

Tammy Daniels (P53705)

Dated: July 2, 2012